STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RALPH J. VISCONTI, DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ANDREW F. BUTZ, DEFENDANT-APPELLANT.

Argued January 24, 1967—Decided May 1, 1967.

*Mr. Henry M. Spritzer* argued the cause for appellants (*Messrs. Spritzer and Spritzer,* attorneys).

*Mr. Richard S. Cohen,* Assistant County Prosecutor, argued the cause for respondent (*Mr. Edward J. Dolan,* Middlesex County Prosecutor, attorney).

The opinion of the court was delivered
PER CURIAM. Defendants were convicted of bookmaking in violation of *N. J. S.* 2A:112–3, and each was sentenced to serve two to four years in State's prison and fined $1,000.

They raise a number of issues, only some of which need be mentioned.

Defendants moved to suppress evidence seized upon a search under a warrant. The supporting affidavits were

ample. Defendants say the judge who issued the warrant should have required the production of the informer to which the affidavit refers. The objection is without merit. *McCray v. Illinois,* 386 *U. S.* 300, 87 *S. Ct.* 1056, 18 *L. Ed. 2d* 62 (U. S. March 20, 1967); *State v. Burnett,* 42 *N. J.* 377 (1964). Defendants' suggestion that some five or six telephone calls taken by the raiding officers might have been made by the informer to create false evidence against defendants is without any factual basis, and the possibility of it (extremely remote in the light of other overwhelming evidence of bookmaking) did not make that evidence so untrustworthy as to be inadmissible.

With respect to the sentence, defendants make the same attack we rejected in *State v. DeStasio,* 49 *N. J.* 247 (1967), decided this day. The record reveals that counsel for defendant rested his objection upon an assumption that there was a directive requiring the sentencing judge to jail defendants unless they offered to testify against their superiors. The sentencing judge, who presided at the trial, said he had not seen the directive. There is some obscurity in the dialogue as to whether the sentencing judge assumed defense counsel was correct in his claim concerning the content of the directive, but we cannot find that the sentencing judge did anything other than exercise his own discretion. This seems evident from the fact that the sentencing judge imposed a jail term above the statutory mandatory minimum, a course he would not have followed if he thought that a jail term was not warranted. Further, since the presentence reports show that both defendants had criminal records, including as to each a lengthy prison term for traffic in heroin, we should not assume the trial judge did anything other than what he believed sound judgment demanded of him. Nonetheless, to obviate the chance that we misread the record, our action in affirming the judgment is without prejudice to a prompt application by defendants to the sentencing judge for resentence, which of course should

be denied unless the judge sentenced under the misapprehension discussed above.

The judgments are affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL, SCHETTINO and HANEMAN—6.

*For reversal*—None.